UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                             )
ROXANN J. FRANKLIN-MASON,    )
                             )
       Plaintiff,            )
                             )
    v.                       )  Civil Action No. 03-945 (RWR)(JMF)
                             )
B.J. PENN,                   )
Secretary of the Navy,       )
                             )
       Defendant.            )
_____)
```

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Roxann J. Franklin-Mason filed this Title VII action against the Secretary of the Navy,[1] her employer at the time, claiming that she was retaliated against for bringing a previous Title VII action.  The defendant moved for a partial summary judgment that seven of the discrete acts that Franklin-Mason used to support her claim of retaliatory hostile work environment could not be considered retaliation.  Magistrate Judge John M. Facciola issued a report and recommendation finding that because Franklin-Mason brought a single, indivisible claim under Title VII of retaliation that included an assertion of a hostile work environment, partial summary judgment was not appropriate.  The Navy filed objections to the report and recommendation.  Because the report and recommendation properly

---

    [1] B.J. Penn is substituted as the defendant under Fed. R. Civ. P. 25(d).

determined that partial summary judgment was inappropriate, the recommendation will be adopted, and the defendant's motion for partial summary judgment will be denied.

## BACKGROUND

The history and background of this dispute are discussed in Franklin-Mason v. Dalton, Civil Action No. 96-2505 (RWR)(JMF), 2006 WL 825418 (D.D.C. Mar. 21, 2006), issued in the previous Title VII action, and the magistrate judge's report and recommendation in this action.  Report and Recommendation, Docket Entry 40, at 1-2.  Briefly, Franklin-Mason, an African American woman, brought the original Title VII action against her then-former employer, the Secretary of the Navy, alleging that the Navy had discriminated against her on the basis of race and gender by failing to promote her to a position for which she had applied.  The parties ultimately filed a settlement agreement and stipulation of dismissal which required the Navy to appoint Franklin-Mason as a Senior Financial Analyst/Advisor.  The agreement also stated that a party could seek from the court enforcement of the agreement should a breach of the agreement occur.

Franklin-Mason moved in the previous action to enforce the settlement agreement, asserting that the Navy failed to live up to its obligations.  Franklin-Mason then brought this action alleging that after she moved to enforce the settlement

-3-

agreement, the Navy subjected her to adverse and disparate treatment and a hostile work environment in retaliation for her opposing the Navy's unlawful employment practices.[2]  She says the Navy refused to approve a request routinely granted to other employees to restore use-or-lose annual leave, moved her from an office with a window and office furniture to a significantly smaller windowless cubicle in an area segregated by race, made it harder for her than other employees to use family medical leave time to care for sick family members, denied her requests for developmental training routinely approved for other employees, refused to give her performance appraisals or evaluations which are essential for advancement, threatened to punish her if she did not perform work that she was instructed to do, and did not give her job duties or responsibilities commensurate with the position promised to her in the settlement agreement.  (See Compl. ¶¶ 13-20, 26; Def.'s Mot. for Partial Summ. J. ("Def.'s Mot."), Exhs. L at 8, M.)

The Navy moved under Federal Rule of Civil Procedure 56 for partial summary judgment on all but the last of these purported acts of retaliation.[3]  (Def.'s Mem. in Supp. of Mot. for Summ. J.

---

[2] She also asserted a separate claim for breach of the settlement agreement, a claim she later voluntarily dismissed.

[3] The Navy argued that they were not sufficient to be considered retaliatory acts, and could not be used by Franklin-Mason at trial to support her claim that she was subjected to a retaliatory hostile work environment.

-4-

("Def.'s Mem.") at 2, 11.)  Magistrate Judge Facciola issued a report recommending denying the Navy's motion for partial summary judgment.  The report stated that Rule 56 does not empower a court "to grant summary judgment as to one aspect of an indivisible claim[,]" particularly where, as here, "some aspect of an indivisible claim for relief remains in existence, untouched by the defendant's motion."  Report and Recommendation at 8, 9.  It reasoned that

> [i]n this case, it is clear that Count I of the plaintiff's complaint is indivisible. . . .  Plaintiff is asserting an indivisible claim by arguing that an entire course of action violated her rights.  The defendant . . . argues first that the seven events are insufficient in themselves and then that, even when considered in total, do not constitute a hostile environment.  But even if the seven events are not actionable, adverse employment actions or do not, in themselves, constitute a hostile work environment, . . . [this] does not entitle defendant to judgment as to count one.

Id. at 10-11.  Magistrate Judge Facciola ultimately determined that the Navy was impermissibly seeking "'partial summary judgment' as to a single indivisible claim for relief."  Id. at 11.

The Navy objects to the report, arguing that the magistrate judge erred by failing to rule that Franklin-Mason could not "argue to the jury that the events that were the subject of the motion for summary judgment are evidence of retaliation and of the creation of a hostile work environment."  (Def.'s Objns. at 8; see id. at 20.)

DISCUSSION

The magistrate judge's report and recommendation is reviewed de novo. LCvR 72.3(c); see also Fed. R. Civ. P. 72; Ames v. Yellow Cab of D.C., Inc., Civil Action No. 00-3116 (RWR), 2006 WL 2711546, at *4 (D.D.C. September 21, 2006).

The report and recommendation correctly determined that a party may not file a motion for partial summary judgment on a fact or an element of a claim. See Beard v. D.C. Housing Authority, 584 F. Supp. 2d 139, 140 n.1 (D.D.C. 2008) (denying plaintiff's motion for partial summary judgment because "'Rule 56 does not contemplate a motion for partial summary judgment of the sort [Beard] has filed[,]' and judgment 'may not be entered as to a fact or an element of a claim'") (quoting LaPrade v. Abramson, Civil Action No. 97-10 (RWR), 2006 WL 3469532, at *8 (D.D.C. November 29, 2006)). The Navy acknowledged in its motion for partial summary judgment that it was moving for judgment on less than the entire surviving claim. It stated that the element in the claim that the Navy retaliated against Franklin-Mason by not giving her job duties or responsibilities commensurate with the position she was entitled to under the settlement agreement "is not subject to this motion for partial summary judgment." (Def.'s Mem. at 4; see also Def.'s Mot. at 1 ("No genuine issue as to any material fact exists as to most of the claims being made by plaintiff, and defendant is entitled to judgment as a

-6-

matter of law on these claims." (emphasis added).)  Neither the Navy's request for a judgment on only part of an indivisible claim nor its request that "seven of the eight alleged acts of retaliation in the case . . . not be permitted to be pursued at trial" (Def.'s Objns. at 1) is proper in a motion for partial summary judgment.  See Primavera Familienstiftung v. Askin, 130 F. Supp. 2d 450, 540 (S.D.N.Y. 2001) (denying defendants' motion for partial summary judgment as "procedurally improper" because the defendants sought "summary judgment only with respect to a portion" of a claim).

## CONCLUSION AND ORDER

Because the magistrate judge correctly determined that partial summary judgment as to a fact or an element of a claim is not available under Rule 56, it is hereby

ORDERED that the defendant's objections [46] to the report and recommendation be, and hereby are, OVERRULED, and the defendant's motion [26] for partial summary judgment be, and hereby is, DENIED.

SIGNED this 7th day of July, 2009.

```
                            /s/
                   RICHARD W. ROBERTS
                   United States District Judge
```